IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| DEBORAH SUE TICE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 1:07cv53-TFM |
| | ) |
| MICHAEL J. ASTRUE, | ) |
| COMMISSIONER OF SOCIAL SECURITY, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM OPINION AND ORDER**

Following administrative denial of her application for disability insurance benefits under Title II of the Social Security Act ("the Act"), 42 U.S.C. §§ 401 *et seq.*, Deborah Sue Tice ("Tice") received a requested hearing before an administrative law judge ("ALJ") who rendered an unfavorable decision.  When the Appeals Council rejected review,  the ALJ's decision became the final decision of the Commissioner of Social Security ("Commissioner"). Judicial review proceeds pursuant to 42 U.S.C. §§ 405(g), 1383(c)(3), and 28 U.S.C. § 636 (c), and for reasons herein explained, the court AFFIRMS THE COMMISSIONER'S decision.

**I.   STANDARD OF REVIEW**

Judicial review of the Commissioner's decision to deny benefits is limited.    The court cannot conduct a *de novo* review or substitute its own judgment for that of the Commissioner. *Walden v. Schweiker*, 672 F.2d 835 (11th Cir. 1982). This court must find the Commissioner's decision conclusive "if it is supported by substantial evidence and the

correct legal standards were applied." *Kelley v. Apfel*, 185 F. 3d 1211, 1213 (11th Cir. 1999), citing *Graham v. Apfel*, 129 F. 3d 1420, 1422 (11th Cir. 1997).

Substantial evidence is more than a scintilla — i.e., the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995), citing *Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982) and *Richardson v. Perales*, 402 U.S. 389, 401 (1971).

If the Commissioner's decision is supported by substantial evidence, the district court will affirm, even if the court would have reached a contrary result as finder of fact, and even if the court finds that the evidence preponderates against the Commissioner's decision. *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991). The district court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Foote*, 67 F.3d at 1560.

The district court will reverse a Commissioner's decision on plenary review if the decision applies incorrect law, or if the decision fails to provide the district court with sufficient reasoning to determine that the Commissioner properly applied the law. *Keeton v. Department of Health and Human Services*, 21 F.3d 1064, 1066 (11th Cir. 1994).

## II.  ADMINISTRATIVE FINDINGS

Tice, age 52 at the time of the hearing, has a sixth grade education. Tice's past work experience includes employment as a cigar packer. She has not engaged in substantial gainful work activity since the alleged onset date of January 2, 2004. Her disability

application documents cite a heart condition and ruptured disc as the reasons for her disability. The ALJ found Tice was severely impaired by status post laminectomy, coronary artery disease, and hypertension. The ALJ concluded Tice did not have any impairment or combination of impairments that meet or equal in severity any impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. The ALJ found Tice's allegations of her alleged impairments were not totally credible, and she retained the residual functional capacity ("RFC") to perform work at the light level of exertion with exertional and non-exertional limitations. The ALJ determined Tice could perform her past relevant work as a cigar packer. Accordingly, the ALJ concluded Tice is not disabled.[1]

### III. ISSUES

Tice specifies a single issue for judicial review:[2]

1.  Whether the ALJ erred by failing to fully develop the record by not obtaining a psychiatric evaluation of Plaintiff's alleged mental limitations.

### IV. DISCUSSION

**The ALJ based his decision on a fully developed record.**

Tice argues the ALJ erred by rendering a decision in this case without obtaining a

---

[1] R. at 15-22. The ALJ's disability analysis followed the five-step sequential evaluation process set forth in 20 C.F.R. §404.1520 and summarized in *Phillips v. Barnhart*, 357 F. 3d 1232 (11th Cir. 2004).

[2] *See* Plaintiff's Brief ("Pl. Br.") at 1 (Doc. #14, filed May 21, 2007) *and* Order filed January 24, 2007 (Doc. #3) (directing Plaintiff to a brief in support of her claim(s) and to include in her brief a section titled "Statement of the Issues" which "shall state in a concise, and specific manner each issue which the plaintiff presents to the court for resolution").

consultative psychiatric examination. She argues a remand is necessary for the requested examination, to be followed by a new administrative decision which incorporates the examination findings. The Commissioner responds the record supported the ALJ's decision, and a consultative psychiatric examination was not required.

"It is well-established that the ALJ has a basic duty to develop a full and fair record." *Ellison v. Barnhart*, 355 F.3d 1272, 1276 (11th Cir. 2003). This duty is even more important given the non-adversarial nature of Social Security proceedings. *See Elbert v. Barnhart*, 335 F.Supp.2d 892, 905 (E.D. Wis. 2004). Tice cites *McCall v. Bowen*, 846 F.2d 1317 (11th Cir. 1988) as authority for a remand and development of the record with a psychiatric examination. The *McCall* court remanded because the record contained evidence indicating the existence of a mental impairment, notably, suggestions from treating physicians that plaintiff had psychological problems, and had been prescribed Valium as treatment for those problems. *McCall* at 1320. There is no comparable record evidence of a mental impairment or continuing treatment in this case.

Tice's Request for Hearing and Disability Appeal Report cited illiteracy as a limitation in her ability to perform work, and concluded her combined physical restrictions and education/intellectual functions left her without "any real employment opportunities."[3] These statements, and argument presented during the administrative hearing, constitute the sole references to Tice's education or mental functioning as considerations in her ability to

---

[3]R. at 64, 100.

work.[4]  Moreover, Tice's written submissions list her heart condition and ruptured disc as the only conditions which limited her ability to work.[5]  To support her claim of mental limitations, Tice directs the court to consider notes by Dr. Ted Paulk, M.D., which indicate depression, anxiety, and insomnia, with a prescription for Desyrel.[6]  The records Tice relies upon were generated between June, 2001 and January, 2003, prior to the alleged onset date of January 2, 2004.[7]  *See Cullen v. Astrue*, 480 F.Supp.2d 1258 (D. Kan. 2007) (approving ALJ consideration of records limited to the relevant time period for plaintiff's disability benefits application). Tice's list of current medications at the time of application do not show continuing treatment for depression.[8]

The lack of documentation by a psychological or psychiatric professional regarding Tice's mental functioning supports the ALJ's implicit finding that there was no need to supplement the record with a consultative examination.  The most obvious grounds for this conclusion is Tice's failure to "put any alleged mental impairments into controversy by adducing competent evidence of the same. *McCray v. Massanari*, 175 F.Supp.2d 1329, 1339 (M.D. Ala. 2001) (placing burden on illiterate applicant to present evidence of mental retardation).  Further, this court has held

---

[4]R. at 210-11.

[5]R. at 67.

[6]P. Br. at 8.

[7]R. at 15.

[8]R. at 103.

> While it is reversible error for an ALJ not to order a consultative examination when the evaluation is necessary for him to make an informed decision, the ALJ is not required to order a consultative examination unless the record, *medical* and *non-medical,* establishes that such an examination is necessary to enable the ALJ to render a decision.
>
> Moreover, an impairment is not severe if it is a slight abnormality which has such a minimal effect on the individual that it would not be expected to interfere with the individual's ability to perform basic work activities, irrespective of age, education, or work experience.

*Sellers v. Barnhart*, 246 F.Supp.2d 1201, 1210 (M.D. Ala. 2002) (internal citations omitted). The ALJ found Tice's allegations related to illiteracy were not persuasive. In support of this finding, he noted her ability to work in a semi-skilled job for 17 years.[9] This court has previously recognized the importance of a successful work history in rejecting claims of mental limitation as cause for inability to function in a work setting. *See Whetstone v. Barnhart*, 263 F.Supp.2d 1318, 1325-26 (M.D. Ala. 2003). The ALJ's determination that Tice was able to perform past relevant work stands on even firmer ground when one considers that, whatever limitations Tice's illiteracy may impose, they were no impediment during her previous employment as a cigar packer.

The record presented no basis for the ALJ to order a consultative psychiatric examination prior to the issuance of his decision. The decision regarding Tice's ability to perform her past relevant work is supported by substantial evidence, and this court finds no error in the ALJ's decision.

## V.  CONCLUSION

---

[9] R. at 17, 21.

Pursuant to the findings and conclusions detailed in this *Memorandum Opinion*, the court concludes that the ALJ's non-disability determination is supported by substantial evidence and proper application of the law. It is, therefore, **ORDERED** that the decision of the Commissioner is **AFFIRMED.** A separate judgment is entered herewith.

Done this 19th day of July, 2007.

    /s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE